*J. B. Carroll*, for the plaintiff.
*G. D. Robinson*, for the defendant.

———

STEPHEN S. TAFT & another *vs.* WILLIAM H. SHAW.

Hampden. September 27, 1893. — October 20, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Attorney and Client — Inference of Authority to bring Suit — Action for Legal Services — Statute of Limitations.*

An action for services in bringing a suit is not barred by the statute of limitations if judgment was entered within six years.

In an action brought in 1892 by an attorney at law for legal services in bringing a suit and in attending insolvency proceedings against the defendant in that suit,

in order to prevent his defeating it by getting a discharge, the answer set up the statute of limitations. It appeared that the insolvency proceedings were finished in 1885; and that judgment in the suit was entered in 1888. The plaintiff contended that the services in the insolvency proceedings were only incidental to the suit, and were rendered under an entire contract covering both matters. He testified that, soon after he had brought the suit, the defendant in it went into insolvency, and he was consulted by the present defendant, and at his request did what he did in the insolvency proceedings; and that he did it with reference to the suit and as a part of it. He also testified that he was consulted by three other creditors; and that it was the understanding, from the time that he went to the creditors' meeting, that the proceedings should be in the interest of all those four creditors. *Held*, that it could not be said that the judge was not warranted in finding that the plaintiff was entitled to recover the full amount of his claim.

HOLMES, J. This is an action for legal services in bringing a suit and in attending insolvency proceedings against the defendant in that suit, one E. D. Shaw, in order to prevent his defeating it by getting a discharge. The defences are a general denial and the statute of limitations. The case is here on exceptions to a refusal of the court below to rule that the whole or a part of the claim was barred. So far as the suit is concerned, the judgment in it was not entered until June, 1888, and the date of the present writ is October 31, 1892. *Eliot* v. *Lawton*, 7 Allen, 274. With regard to that the only argument made by the defendant is that there is no evidence that the plaintiffs were retained to bring it. This argument is not open on the exceptions, and is not sustained by the facts. The plaintiff Taft testified that the defendant consulted him about a claim in April, 1884, and that on May 2, 1884, he brought the suit. This testimony, Taft's attention not being called to the possibility that his authority would be disputed, fairly may be taken to mean that in bringing the suit he was following express or implied directions. The inference that he was doing so is free from all doubt when the evidence to be mentioned is considered.

The insolvency proceedings, however, were finished in 1885, so that the claim for services in them is barred if they were rendered under a separate contract. The plaintiff contends that these services were only incidental to the suit, and were rendered under one entire contract covering both matters. Taft testified that soon after he had brought the suit the defendant in it, E. D. Shaw, went into insolvency, and he was consulted by the present defendant, and at his request did what he did in

the insolvency proceedings, and that he did it with reference to the suit and as a part of it. It is true that he also testified that he was consulted by three other creditors, and that it was the understanding, from the time that he went to the creditors' meeting, that the proceedings should be in the interest of all those four creditors. But this is not inconsistent with the other testimony, and does not necessarily have any bearing on the question of the nature of the contract between Taft and the present defendant. We cannot say that the judge was not warranted in finding that the plaintiff Taft was entitled to recover the full amount of his claim.

*Exceptions overruled.*

*T. G. Kent,* (*W. H. Kelley* with him,) for the defendant.
*S. S. Taft, pro se.*